**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MICHAEL JOHN KACZMARAK, a/k/a
Michael Zbigniew Vonolazewski,
a/k/a Von Olsewski, a/k/a Michael
Zbigniew, a/k/a Michal Zbigniew,
a/k/a Michael Zbigniew von
Olswewski, a/k/a Michal Zbigniew
Olszewski,

            *Defendant-Appellant.*

No. 02-4948

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-02-435-A)

Submitted: April 9, 2003

Decided: April 17, 2003

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Dale Warren Dover, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael John Kaczmarak pled guilty to one count of unlawful attempt to re-enter the United States after deportation in violation of 8 U.S.C. § 1326(a) (2000). On appeal, he contends his due process rights were violated because of alleged alterations to the order of removal and collateral documents. He further contends the taking of his fingerprints when he unlawfully re-entered the country violated the Fourth Amendment's protection against unreasonable search and seizure. Finding no reversible error, we affirm.

In the context of a prosecution for illegal reentry after deportation, a defendant may collaterally attack a deportation order constituting an element of the offense if he can show that: (1) he was effectively deprived of his right to judicial review of the deportation order; (2) the deportation proceedings were fundamentally unfair; and (3) he has exhausted any administrative remedies that may have been available to seek relief against the deportation order. 8 U.S.C. § 1326(d) (2000); *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987). All three conditions must be satisfied. *United States v. Wilson*, 316 F.3d 506, 509 (4th Cir. 2003). We find that Kaczmarak cannot challenge the Order of Removal because the proceedings giving rise to the order were not fundamentally unfair. Kaczmarak failed to show he suffered prejudice as a result of the alleged defects. *Id.*

We further find the district court did not err by denying Kaczmarak's motion to suppress the fingerprint evidence. "Routine border searches may be conducted without a warrant or a showing of reasonable suspicion or probable cause." *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985). "A 'routine' [border] search is one that does not seriously invade a traveler's privacy. In evaluating whether a search is 'routine,' the key variable is the invasion of the privacy and dignity of the individual." *United States v. Kelly*, 302

F.3d 291, 294 (5th Cir. 2002) (internal citations and quotation marks omitted). We find Kaczmarak's Fourth Amendment rights were not violated when authorities took his fingerprints after he was lawfully detained after entering the country illegally.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*